FILED'07 SEP 07 0743USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BOYDSTUN METAL WORKS, INC.,             06-CV-500-PK
an Oregon corporation,

        Plaintiff,                      ORDER

v.

COTTRELL, INC., a Georgia
corporation,

        Defendant.


STEPHEN J. JONCUS
SCOTT E. DAVIS
TODD M. SIEGEL
Klarquist Sparkman, LLP
121 S.W. Salmon Street
Suite 1600
Portland, OR  97204
(503) 595-5300

               Attorneys for Plaintiff


1 - ORDER

**DANIEL A. CROWE**
**EMMA C. HARTY**
Bryan Cave LLP
One Metropolitan Square
211 North Broadway
Suite 3600
St. Louis, MO  63102-2750
(314) 259-2000

**JUSTIN M. THORP**
**JONATHAN HOFFMAN**
Martin Bischoff, et. al.
888 S.W. Fifth Avenue, Ninth Floor
Portland, OR  97204
(503) 224-3113

                Attorneys for Defendant


**BROWN, Judge.**

    Magistrate Judge Paul Papak issued Findings and Recommendation (#113) on April 13, 2007, in which he recommended the Court deny the Motion for Summary Judgment (#71) of Defendant Cottrell, Inc., as moot with respect to Claims 18-26 and 28 of the 7,025,547 Patent ('547 Patent); deny Cottrell's Motion for Summary Judgment (#71) as to Claims 27 and 29 of the '547 Patent; and grant Plaintiff Boydstun Metal Works, Inc.'s Cross-Motion for Summary Judgment (#81) as to Cottrell's "on sale bar" defense in which Cottrell asserts it offered the claimed invention for sale more than a year prior to the application that matured into the '547 Patent.

    Cottrell filed timely Objections to the Findings and Recommendation only as to the recommendation that the Court grant Boydstun's Cross-Motion for Summary Judgment.  On July 9, 2007,

2 - ORDER

the Court held a hearing on Defendant's Objections and allowed the parties to submit additional authorities to support their positions. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988); *McDonnell Douglas Corp. v. Commodore Business Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982).

In its Objections, Cottrell contends it introduced sufficient evidence to establish the claimed invention was ready for patenting by March 29, 2003, and to corroborate that it offered the claimed invention for sale more than a year before March 29, 2004, the date of Plaintiff's application that matured into the '547 Patent. Cottrell, as the accused infringer challenging the validity of the patent under the "on sale bar" defense, bears the burden to establish by "clear and convincing evidence that there was a definite sale or offer to sell more than one year before the application for the subject patent, and that the subject matter of the sale or offer to sell fully

3 - ORDER

anticipated the claimed invention." *See Elan Corp., PLC v. Andrx Pharm., Inc.*, 366 F.3d 1336, 1340 (Fed. Cir. 2004)(quotation omitted).

This Court has carefully considered Cottrell's Objections and the additional authorities provided by Cottrell. The Court agrees with the Magistrate Judge's finding that the March 6, 2003, letter from Defendant Cottrell to Jack Cooper Transport did not constitute an offer for sale. The Court also considered the affidavits offered by Cottrell in support of its Motion for Summary Judgment and concludes those affidavits standing alone and/or in conjunction with the March 6, 2003, letter are not sufficient to establish by clear and convincing evidence that the device at issue was offered for sale before March 29, 2003. In addition, the Court agrees with the Magistrate Judge's finding that Cottrell has not established by clear and convincing evidence that its alleged offer "fully anticipated the claimed invention"; *i.e.*, that the device was ready for patenting before March 29, 2003.

Accordingly, the Court concludes Cottrell's Objections and additional authorities do not provide a basis to modify the Findings and Recommendation as to Boydstun's Cross-Motion for Summary Judgment. This Court also has reviewed the pertinent portions of the record *de novo* and does not find any

4 - ORDER

error in the Magistrate Judge's Findings and Recommendation.

Cottrell did not object to the Magistrate Judge's Findings and Recommendation pertaining to Cottrell's Motion for Summary Judgment as to Claims 18-26 and 28 of the '547 Patent or as to Claims 27 and 29 of the '547 Patent. When there are not any objections to the Magistrate Judge's Findings and Recommendation, this Court is relieved of its obligation to review the record *de novo*. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983). The Court, therefore, has reviewed the legal principles related to this portion of the Findings and Recommendation *de novo* and does not find any error.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#113). Accordingly, the Court:

(1) **DENIES** Cottrell's Motion for Summary Judgment (#71) **as moot** with respect to Claims 18-26 and 28 of the '547 Patent;

(2) **DENIES** Cottrell's Motion for Summary Judgment (#71) as to Claims 27 and 29 of the '547 Patent; and

(3) **GRANTS** Boydstun's Cross-Motion for Summary Judgment (#81) as to Cottrell's "on sale bar" defense that it

5 - ORDER

       offered the claimed invention for sale more than a year prior to the application that matured into the '547 Patent.

IT IS SO ORDERED.

DATED this 6th day of September, 2007.

                                        */s/ Anna J. Brown*
                              ANNA J. BROWN
                              United States District Judge